IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TODD SCHULT, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERCON CONSTRUCTION, INC.,<br><br>        Defendant. | Case No. 25-cv-262 |

## NOTICE OF REMOVAL

TO:    The Court and all Appearing Parties and Counsel of Record

PLEASE TAKE NOTICE that Defendant InterCon Construction, Inc. ("InterCon"), hereby removes to this Court the state court action titled *Todd Schult, on behalf of herself and all others similarly situated v. InterCon Construction, Inc.*, Case No. 2025CV000020, filed in the Circuit Court, Richland County, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

### BACKGROUND

1. On March 4, 2024, Plaintiff Todd Schult filed a Class Action Complaint ("Complaint") with the Richland County Circuit Court, Wisconsin. A copy of the Complaint is attached hereto as **Exhibit A** to this Notice.

2. Service of the Complaint was made on March 6, 2025, when a process server served the Complaint on registered agent National Registered Agents, Inc. A copy of Service of Process Notification and Transmittal Summary from CT Corporation is attached hereto as Exhibit B to this Notice.

3. According to the Complaint, Plaintiff is a resident and citizen of Wisconsin. (Compl., ¶21.)

4. According to the Complaint, Defendant is a utility contractor with its principal place of business in Waunakee, Wisconsin. (Compl., ¶22.)

5. In the Complaint, Plaintiff alleges that in November 2024, Defendant was the victim of a data breach wherein an "unauthorized actor gained access to certain systems within its network" and subsequently determined that certain information on its systems may have been viewed or taken without authorization between November 9, 2024, and November 20, 2024." Plaintiff further states that Plaintiff and approximately 6,634 putative class members suffered injuries as a result of the data breach. (Compl., ¶¶28, 7.)

6. Plaintiff alleges that Defendant maintained, used and shared the private information of Plaintiff and putative class members in a reckless manner, that it failed to take adequate and reasonable measures to ensure its systems were protected against unauthorized intrusions, that it failed to take standard and reasonable steps to prevent the data breach and that it failed to provide prompt and accurate notice of the data breach. (Compl., ¶¶10, 11.)

7. Plaintiff seeks to represent a putative nationwide class consisting of "[a]ll individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the data breach reported by Defendant in November 2024." (Compl., ¶153.)

8. Plaintiff asserts causes of action for (a) negligence, (b) negligence *per se*; (c) breach of implied contract, and (d) unjust enrichment. *See* Compl.

9.  Plaintiff seeks to recover on behalf of himself and the putative class actual damages, nominal damages, consequential damages, punitive damages, and attorneys' fees, costs, and litigation expenses. (Compl., Prayer for Relief at (f)-(h))

10. Plaintiff also seeks equitable relief and injunctive relief that includes, but is not limited to, the following: (a) requiring Defendant to provide compensation for out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of Plaintiff's and putative class members' Private Information for their respective lifetimes; (b) requiring Defendant to engage third-party security auditors/penetration testers as well as internal security personnel; and (c) for a period of ten years, appointing a qualified and independent third-party assessor to conduct a SOC 2 Type 2 attestation on an annual basis. (Compl., Prayer for Relief at (d) and (e))

11. The Complaint also requests that Defendant continue to provide "adequate credit monitoring to all Class Members." (Compl., ¶201)

12. Defendant has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

13. This Notice of Removal is timely because it has been filed within thirty (30) days of March 6, 2025, the date upon which the Complaint served on Defendant.

14. Removal to this Court is proper because it is the "district . . . embracing the place" in which the state court action is pending. *See* 28 U.S.C. § 1441(a).

## **GROUNDS FOR REMOVAL**

15. Jurisdiction in this Court is appropriate under 28 U.S.C. §§ 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this matter involves a putative class action, and: (1) a member of the class of plaintiffs is a citizen of a state different from KAB

("minimum diversity"); (2) the number of proposed class members is 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

16. According to the Complaint, InterCon is a corporation with a principal place of business in Wisconsin. (Compl. ¶22.) Plaintiff Todd Schult is a citizen of Wisconsin. (Compl. ¶21.) Additionally, the Plaintiff seeks to represent a national class. (Compl. ¶153.) Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" InterCon. *See* 28 U.S.C. § 1332(d)(2).

17. The proposed class consists of 100 or more individuals. (Compl. ¶7.)

18. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. Although Plaintiff does not allege a specific amount in controversy in the Complaint, based on the class size, causes of action, and the request for compensatory damages, punitive damages, injunctive relief and attorney's fees, the amount in controversy sought by Plaintiff will exceed $5,000,000 in the aggregate.

19. Plaintiff's request for continued credit monitoring alone puts the amount in controversy near or above the statutory limit. For example, the monthly rate for LifeLock's lowest level of credit protection, $11.99, paid over five years for all 6,634 putative class members, totals approximately $4.77 million dollars.[1]

20. Upon filing this Notice of Removal, InterCon will file it along with the Complaint and Civil Summons with the Circuit Court for Richland County, Wisconsin.

---

[1] *See* https://lifelock.norton.com/offers?expid=SEM-B-MBG-LSA2&om_sem_cid=hho_sem_sy:~en-us_lfl_llk_sch_brn_exc_nfr_adw_dtp_low:top~c_kw0000582878&promocode=SEMLLBRLP&cq_src=google_ads&cq_cmp=181412744&cq_net=g&gad_source=1&gclid=Cj0KCQiAvP-6BhDyARIsAJ3uv7Y-cjEmisb4KyzRZb6lwnSN9wk3-DPjR45PXn6IvQNY6FUq-Pn4VwAaApmiEALw_wcB&gclsrc=aw.ds#planschart

21.     Pursuant to 28 U.S.C. § 1446(a), InterCon is attaching a copy of all process, pleadings and orders served upon it in this action as **Exhibit B**.

Dated: <u>April 7, 2025</u>         **COYNE, SCHULTZ, BECKER & BAUER, S.C.**
Attorneys for Defendant InterCon Construction, Inc.

*/s/ Vincent J. Scipior*
Vincent J. Scipior, SBN 1085069
vscipior@cnsbb.com
150 E. Gilman St. #1000
Madison, WI 53703
Tel.: 608-255-1388
Fax: 608-255-8592