IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD SCHULT, on behalf of herself and all others similarly situated,

                Plaintiff,

v.

INTERCON CONSTRUCTION, INC.

                Defendant.[1]

OPINION and ORDER

25-cv-262-jdp

---

This is a proposed class action under state law for harm caused by a data breach. Plaintiff Todd Schult filed the lawsuit in the Circuit Court for Richland County, Wisconsin, but defendant Intercon Construction, Inc. removed the case to federal court under 28 U.S.C. § 1332(d). For the reasons below, the court will remand the case to state court.

One of the requirements of § 1332(d) is that at least one potential class member must be a citizen of a different state from the defendant. This is called minimal diversity. In its notice of removal, Interncon admitted that it and Schult are both Wisconsin citizens. Dkt. 1, ¶ 16. But Intercon stated that it met the minimal diversity requirement because "the Plaintiff seeks to represent a national class." *Id*. That was insufficient under circuit precedent, which holds that the proponent of jurisdiction must "identify a specific, diverse class member." *Dancel v. Groupon, Inc.*, 940 F.3d 381, 386 (7th Cir. 2019). Neither the parties nor the court may rely on an assumption based on the scope of the class, even when the assumption is "educated and sensible." *Id.* at 385. Citing *Dancel*, this court directed Schult to file an amended notice of

---

[1] The body of the complaint uses both he/his and she/hers to refer to the named plaintiff. The complaint's caption uses the pronoun "her," so the court has followed suit.

removal that adequately alleged minimal diversity. Dkt. 7. The court warned Intercon that it would remand the case if it failed to do that. *Id.*

In its amended notice of removal, Intercon attempts to show minimal diversity in two ways. First, it submits two declarations from Cooper Huhn, who says that he was the project manager for the company who "provided mailing, notice, and credit monitoring services for Intercon" after the data breach. Dkt. 13-4, and Dkt. 15. In his declaration, Huhn says that his company mailed about 6,913 notices, and 2,602 of them "were mailed to Wisconsin residents." Dkt. 13-4, ¶ 5. He attaches two things to his declaration: (1) a table that he says shows how many letters were mailed to each state; and (2) a sample letter that is addressed to an unidentified recipient in Maine. *Id.*, ¶¶ 6–7. Second, Intercon attaches a screenshot of the website for the Maine Attorney General, which states that one "Maine resident[]" was "affected" by Intercon's data breach. Dkt. 13-3. Intercon says the screenshot "contains the data breach notification" that it sent to the Maine Attorney General.

None of the information that Intercon included with its amended notice of removal adequately pleads minimal diversity. For the purpose of this order, the court will assume that the letters Huhn is referring to were addressed to potential class members in this case. But that assumption does not help Intercon because "a court may not draw conclusions about the citizenship of class members based on things like their . . . mailing addresses." *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010). The holding in *Sprint* is based on a broader principle that the court of appeals has reiterated in numerous cases, which is that residence and citizenship are not the same thing, and a court may not infer citizenship from residence alone. *See, e.g., Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664–65 (7th Cir. 2014); *Winforge, Inc. v.*

2

*Coachmen Industries, Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

In this case, Intercon alleges that some class members are "residents" of other states. But Intercon neither provides evidence nor even alleges that any class member is a citizen of a state other than Wisconsin. *See Dancel,* 940 F.3d at 385 (proponent of jurisprudence must allege, at a minimum, "that a specific member of the putative class had a particular state of citizenship"). So Intercon's amended notice of removal still fails to show that the court can exercise subject matter jurisdiction over this case.

Intercon has had two chances to file a notice of removal that complies with § 1332(d). Seventh Circuit law is clear on what the proponent of jurisdiction must do to properly allege citizenship, so Intercon is not entitled to a third chance.

Intercon does not ask for jurisdictional discovery, so it has forfeited that issue. But even if Intercon had requested discovery, it likely would be futile. Intercon's own records suggest that more than 2,600 of fewer than 7,000 potential class members live in Wisconsin. If Intercon is correct in its assumption that the class members are citizens of the same states as their mailing addresses, it would mean that more than one-third of the class is a citizen of Wisconsin. Under § 1332(d)(3), the court may decline to exercise jurisdiction when more than a one-third of a class is a citizen of the same state and other factors favor sending the case back to state court. In this case, many of the factors do not favor retaining jurisdiction. For example, Intercon is a Wisconsin citizen, twice as many class members live in Wisconsin than any other state according to Intercon's records, and Intercon has not identified any other class actions that are raising the same claims. So it seems likely that § 1332(d)(3) is applicable and remand would be inevitable after discovery.

For these reasons, the court will remand the case to state court.

## ORDER

IT IS ORDERED that:

1. This case is REMANDED to state court for lack of subject matter jurisdiction.

2. This order is STAYED for ten days to allow Intercon Construction, Inc. to seek permission to appeal under 28 U.S.C. § 1453(c)(1).

Entered April 30, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge